## WILLIAMS v. CLEMONS.

Court of Appeals of District of Columbia.
Submitted March 15, 1927. Decided
May 2, 1927.

No. 1928.

Patents ☞91(4)—Senior party to interference proceeding involving apparatus for distilling crude petroleum held entitled to priority.

In interference proceeding involving invention of apparatus for distilling crude petroleum and hydrocarbon oil, having bed of fuller's earth in vapor space of still above oil, showing that junior party had never conceived of suspending fuller's earth entirely in vapor space *held* to entitle senior party to award of priority.

Appeal from Commissioner of Patents.

Patent interference proceeding between Jesse P. Williams and Ulysses F. Clemons. From a decision of the Commissioner of Patents for the latter, the former appeals. Affirmed.

J. H. Milans and C. T. Milans, both of Washington, D. C., for appellant.

U. F. Clemons, of Marshall, Okl., pro se.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an interference proceeding growing out of the application of appellant, Williams, filed March 24, 1924, and a patent granted to appellee, Clemons, March 27, 1923, on an application filed May 22, 1922. The subject-matter involves an apparatus for distilling crude petroleum and hydrocarbon oils. The issue is in a single count as follows:

"An apparatus for refining crude petroleum and hydrocarbon oils, including a tank, heating means for the tank arranged therebelow, foraminous supporting means in and extending throughout the entire area of the tank arranged above the bottom in the vapor space thereof, a bed of fuller's earth of substantial depth arranged on said supporting means for retarding, filtering, absorbing and eliminating extraneous matter from the petroleum vapors, a condenser, a connection between the tank and condenser and an automatic valve in said connection and being located between the tank and the condenser for operation upon a predetermined pressure of vapor being reached in the tank."

It will be observed that the junior party Williams filed his application after the senior party's patent issued. This places on the junior party a heavy burden, notwithstanding the case turns largely upon a question of originality rather than between two independent inventors. French v. Halcomb, 26 App. D. C. 307.

The invention consists in suspending fuller's earth in the vapor space of a still, so that no part of it will be in contact with the oil. It was found that the use of fuller's earth in stills facilitated the cracking of the oil, by retarding, filtering, absorbing, and eliminating extraneous substances from the petroleum vapors. It was discovered, however, that if the earth was placed on the bottom of the still it caused the oil to coke, and the coked earth, not only prevented distillation, but burned out the bottom plates of the still.

Appellant, Williams, conceived the idea of putting earth on perforated false bottoms at some distance above the bottom plate of the still, and made experiments along that line. It is claimed, however, that Williams did not have a conception of the idea of placing the fuller's earth entirely in the vapor space. On this point we agree with the tribunals below that Williams fails to prove, in the experiments which he attempted, that at any time the false bottom, on which rested the fuller's earth, was wholly in the vapor space. Indeed, there is no witness for Williams, including Williams himself, who testifies that, of the different installations and experiments made by Williams, the false bottom, on which rested the fuller's earth, was in any instance placed high enough in the still to avoid at least partial submergence in the oil.

Inasmuch as the claim requires that the supporting means for the fuller's earth must be suspended wholly in the vapor space, and as Williams has totally failed to establish even a conception of such a device, we deem it unnecessary to consider the greater question of originality involved in this case.

The decision of the Commissioner is affirmed.